**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JOSE M. GOMEZ, #43300-037 | * | Civil Action No. WDQ-09-1895 |
| | | Related Criminal Action No. WDQ-08-83 |
| Petitioner | * | |
| v. | * | |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |

**MEMORANDUM**

Pending is a Motion for Return of Property under Rule 41[1] of the Federal Rules of Criminal Procedure. Plaintiff pro se, Jose M. Gomez ("Gomez") seeks return of items including $800.00 United States currency, a watch, leather jacket, jewelry, photos and papers, and "electronic telecommunication tools" seized from him at the time of his lawful arrest. The Government responded, Gomez filed a reply and the Government was ordered to supplement its response. The matter is fully briefed and ripe for disposition. Upon review of the submissions, exhibits and applicable law, the Motion for Return of Property will be DENIED.

**I. Background**

On July 25 2008, the Court sentenced Gomez to 120 months incarceration after he pleaded guilty to possession of one kilogram or more of heroin with intent to distribute. The charges arose after Gomez was arrested incident to a lawful traffic stop by Maryland State Police ("MSP").

The government has filed an affidavit executed by Detective Sergeant Gooding, Maryland State Police, in which he attests that: 1) Gomez was advised on February 5, 2008 that his property seized at arrest was held by the MSP; 2) the property was at all times within the domain and control of the

---

1 Defendant cites to Fed. R. Crim. P. 41(e), predecessor to Rule 41(g).

MSP; 3) the property was held for three months and a certified letter was mailed to advise Gomez or his designee stating that the property would be held for an additional thirty days before disposal; 3) no response was received to the certified letter[2] and on June 3, 2008, the property was sent to the MSP property unit for disposal. It is uncontroverted that Gomez did not file a claim for the seized property with the Maryland State Police or Respondent. The property was forfeited and sold at auction. Affidavit of Detective Sergeant Gooding, Paper No. 34. Property with no resale value was destroyed. *See id.*

**II. Discussion**

A person aggrieved by the deprivation of property may file a motion for return of property pursuant to Fed. R. Crim. P. 41 (g). In this case, the Maryland State Police, the seizing agency, no longer possesses the property. The Court cannot order the Government to return property that it does not possess. Consequently, the Motion for Return of Property is denied. An Order consistent with this Memorandum follows.

October 8, 2009                                            /s/
                                                William D. Quarles, Jr.
                                                United States District Judge

---

[2] On June 3, 2008, Detective Sergeant Gooding, Assistant Commander, Maryland State Police was telephoned about the property by a person who identified herself as "Maria," assistant to defense counsel Edward Abramson, Esq. She was referred to the Maryland State Police Property Unit. Ken Ward, an MSP employee who supervises the MSP Property Unit, informed her that the property was listed on "PropertyRoom.com," a website that lists property for disposal. There is no evidence Gomez authorized anyone to accept property on his behalf. Affidavit of Sergeant Gooding.